UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                               :

ROBERTO V. CRUZ,                      :      **ORDER**
                                               :

                      Petitioner,        :      13 Civ. 3749 (BMC)
                                               :

                 - against -          :

                                             :

UNITED STATES OF AMERICA,         :

                                           :

                      Respondent.    :
------------------------------------------------------------- X

       Petitioner seeks relief under 28 U.S.C. § 2255, challenging the sentence that I imposed on March 23, 2012 pursuant to his guilty plea to a charge of conspiracy to import heroin. I sentenced him to 48 months' custody to be followed by five years' supervised release.

       The ground for relief that petitioner is invoking is not entirely clear. He refers to his "actual innocence," but nowhere does he contend that he did not commit the crime to which he pled guilty. Rather, he seems to think that by using the words "actual innocence," he will be then be able to raise his substantive complaint with regard to his sentence, as invoking "actual innocence" serves as a "gateway" for habeas corpus relief.

       Petitioner's substantive claim, reading the petition as liberally as possible, is that it constitutes double jeopardy in violation of the Fifth Amendment to have sentenced him to a term of imprisonment to be followed by a term of supervised release. Petitioner argues that because supervised release is viewed as a punishment by itself, he has effectively received two sentences for the same crime. In effect, petitioner is contending that 21 U.S.C. § 960(b)(1) is unconstitutional.

It is apparent that petitioner's argument is wholly without merit, both statutorily and constitutionally. As petitioner appears to recognize, the applicable statute expressly provides for supervised release to follow custody. See id. From a constitutional perspective, there is nothing that violates the Fifth Amendment in Congress' decision to allow a sentence that has both custodial and subsequent supervised release elements. Cf. U.S. v. Cook, 859 F.2d 777 (9th Cir. 1988) (no 8th Amendment violation for sentence of five years' custody followed by four years' supervised release). They are just different aspects of a single punishment for a single crime, just as would be the imposition of a fine, or forfeiture, or restitution in addition to a custodial term. I pronounced all aspects of petitioner's sentence at the same time, in open court, and confirmed them in the written judgment. Cf. Earley v. Murray, 451 F.3d 71 (2d Cir. 2006) (sentence of supervised release to follow custody is permissible if pronounced by the court at the time of sentencing). Petitioner's argument is entirely without legal basis.

Accordingly, the petition is denied and the case is dismissed. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
      July 8, 2013